UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BETH H., | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:18-cv-00012-JAW |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff Beth H's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the December 1, 2016 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 6-2.)[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision, the Acting Commissioner's final decision is the ALJ's decision.

claims, 20 C.F.R. § 404.1520.

Plaintiff alleges an onset of disability of April 1, 2010, and her date last insured is June 30, 2010. (ALJ Decision, R. 12.) The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of fibromyalgia, migraine headaches, and obesity. (*Id.*) The ALJ did not find any exertional limitation, but found that Plaintiff's physical residual functional capacity permits Plaintiff to no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. (R. 15.) The ALJ also determined that Plaintiff cannot be exposed to or negotiate dangerous machinery, unprotected heights, ladders, ropes, or scaffolds. (*Id.*) The ALJ also found that Plaintiff's mental residual functional capacity limits Plaintiff to simple, repetitive tasks, with occasional exercise of independent judgment, to no more than occasional changes in processes, and does not allow for production pace. (*Id.*)

Given the residual functional capacity (RFC) as determined by the ALJ, and considering Plaintiff's age, education, work experience, and the testimony of the vocational expert who appeared at Plaintiff's hearing, the ALJ found Plaintiff could perform substantial gainful activity consisting of representative jobs existing in significant numbers in the national economy[2], and concluded Plaintiff was not under a disability during the claimed period. (R. 18 – 19.)

**STANDARD OF REVIEW**

A court must affirm the administrative decision provided the decision is based on

---

[2] Parking lot cashier (light exertion, 16,000 jobs nationally), package sorter (light, 42,000), and laundry sorter (light, 20,000). (R. 19.)

the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred because although he concluded Plaintiff's fibromyalgia was a severe impairment, he improperly evaluated the condition and did not give sufficient weight to the expert opinion of Plaintiff's provider, Meredith Norris, D.O. In Plaintiff's view, the ALJ improperly judged matters entrusted to experts and disregarded circuit precedent related to fibromyalgia.

Plaintiff cites *Johnson v. Astrue*, 597 F.3d 409 (1st Cir. 2009), for the proposition that the ALJ, upon finding that fibromyalgia is a severe impairment, must conclude that the symptoms usually associated with fibromyalgia are present. (Statement of Errors at 2, citing *Johnson*, 597 F.3d at 414.) In *Johnson*, where the record included detailed fibromyalgia findings made in the relevant time period, *id.* at 410 – 11, the First Circuit held that an ALJ could not dismiss the treating rheumatologist's assessment of the claimant's RFC based on (1) the limited number of consultations (three), (2) a misreading

3

of the record concerning the location and impact of injection therapy, (3) an inference that a recommendation of physical therapy contradicted the limitations suggested in the rheumatologist's RFC opinion, and (4) the absence of objective findings that would measure the extent of the claimant's impairment, given that there are no objective means of doing so for certain impairments such as fibromyalgia.

*Johnson* also states that typical symptoms such as "chronic widespread pain" are not necessarily present, let alone disabling, if there is substantial evidence to the contrary. *Id.* (citing *Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) (discussing chronic fatigue syndrome)). Here, in his assessment of Plaintiff's claim, the ALJ acknowledged the existence of diagnosed fibromyalgia-related conditions (diffuse pain and migraines) that would have a more than slight impact on Plaintiff's ability to perform work activities, but reasoned the conditions were not as limiting as claimed in part given Plaintiff's failure to seek treatment during the claimed period or for a four-year period after her date last insured. (R. 17.) The ALJ thus cited reliable evidence (e.g., Plaintiff's account of her activity level, Plaintiff's lack of treatment during and after the claimed period) to support his conclusion that Plaintiff's symptoms and limitations were not as extensive as claimed. *See Knudsen v. Colvin*, No. 2:14-cv-155-JHR, 2015 WL 1505689 (D. Me. Apr. 1, 2015) ("Essentially, the plaintiff takes the position that *Johnson* requires this court to hold that, once an administrative law judge has found that a claimant suffers from fibromyalgia as a severe impairment, he or she must also accept all of the claimant's testimony about the intensity of the symptoms 'usually associated with' fibromyalgia. This court has rejected this argument." (citation omitted, quoting *Johnson*, 597 F.3d at 12 – 13)).

4

Dr. Norris' opinion that due to Plaintiff's headaches, Plaintiff is an unreliable employee does not compel a contrary conclusion. The lack of treatment for fibromyalgia or headaches in 2010, and a contemporary (2009) report of "good general health," together with Plaintiff's reported activilty level, constitute substantial evidence to support the ALJ's rationale.[3] Given the absence of any contemporaneous treatment or medical evidence to support Dr. Norris's opinion, the ALJ supportably concluded Dr. Norris's statement was entitled to little weight.

Contrary to Plaintiff's argument, the ALJ's determination also does not constitute a prohibited interpretation of raw data in the medical record. The ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings." *Gordils v. Sec'y of HHS*, 921 F. 2d 327, 329 (1st Cir. 1990). In this case, the ALJ reasonably assessed a medical record that contained no treatment for the condition during and for four years following the claimed period. The ALJ's assessment of the medical evidence, in the context of the other evidence in this case, can fairly be viewed as a common sense determination that does not involve the interpretation of raw medical data. Indeed, Plaintiff has offered no contemporary medical evidence to suggest a functional limitation that the ALJ disregarded or that should have been included within Plaintiff's RFC.

Even if the ALJ's RFC determination is construed to include an interpretation of

---

[3] The record reflects that Plaintiff has access to providers in this time frame. (E.g., Ex. 10F.) A progress note associated with an annual exam on April 23, 2009, states in the history section that Plaintiff reported "good general health" and "no fatigue." (Ex. 10F, R. 416.) Her provider suggested a follow up visit in one year. (R. 417.)

5

medical information that requires an expert assessment, given that the ALJ included limitations based on Plaintiff's fibromyalgia, given that the ALJ provided good reason for not adopting the opinion of Dr. Norris, and given that the non-examining consultants found the medical record for the relevant period did not support more severe limitations than the ALJ found,[4] the ALJ's RFC findings are arguably more favorable to Plaintiff than the record supports, rendering any error harmless. *Gould v. Astrue*, No. 2:11-cv-265-JAW, 2012 WL 1098471, at *4 (Mar. 31, 2012), *report and recommendation adopted*, 2012 WL 1340812 (D. Me. Apr. 18, 2012).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of October, 2018.

---

[4] Exs. 1A – 5A.